**CI SHOU LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General, Respondents.**

No. 05–2405–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2006.

David X. Feng, New York, New York, for Petitioner.

Jimmy L. Croom, Assistant United States Attorney for the Western District of Tennessee, Jackson, Tennessee, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ci Shou Li, a native and citizen of China, seeks review of an April 25, 2005 order of the BIA affirming the April 15, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ci Shou Li*, No. A79 408 009 (BIA Apr. 25, 2005), *aff'g* No. A79 408 009 (Immig. Ct. N.Y. City April 15, 2004).

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See*

*Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was materially flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ found Li's testimony incredible because, among other things, he was unable to explain, the following inconsistencies between his testimony and his airport interview: (1) Li testified that he had fled China because he was being persecuted based on his Christian faith, yet at the airport interview, Li told an inspector that his purpose for coming to the United States was to escape China because of the Chinese government's crackdown on young Falun Gong practitioners; and (2) at the airport interview, Li told the inspector that if one is a Christian one puts up a cross in his house, and that government officials once came to his house and told his family to take their cross off the wall, yet Li failed to testify about that incident at the hearing when he was asked if the authorities took anything from his house that would symbolize Christianity.

The IJ's adverse finding as to Li's credibility was supported by substantial evi-

dence inasmuch as Li could not answer simple questions about the Bible, even though he claimed that he had studied the Bible for two years in order to become baptized. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). Li further undermined his credibility when he testified that he attends church in the United States, yet was unable to produce any witnesses who could support that assertion. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,][t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)). These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74.

Li has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).